IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORT DIVISION

| | | |
|---|---|---|
| ANTHONY R. JOHNSON, SR., et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-686 |
| | § | |
| TARRANT COUNTY, TEXAS, et al. | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS GARCIA AND MORENO'S PARTIALLY AGREED[1] MOTION TO STAY OR ABATE CASE AND BRIEF IN SUPPORT THEREOF
**(with request for expedited consideration)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Joel Garcia and Rafael Moreno, each sued herein in his individual capacity, file this their partially agreed Motion to Stay or Abate Case, and would respectfully show unto the Court the following:

## I.  INTRODUCTION

Defendants, Joel Garcia and Rafael Moreno, have each been indicted for murder. *See* Pl. Orig. Compl., ECF No. 1 at 3; Ex. A, B, hereto. The charges arise from the exact same incident for which Plaintiffs bring this lawsuit. In order to preserve their constitutional rights and in the interest of justice, therefore, these individual Defendants respectfully move this Court to immediately and completely stay or abate this civil case pending a final resolution of the criminal charges against them. As even so much as answering the Complaint in this case will potentially jeopardize their constitutional rights, Defendants respectfully request that this motion be considered and granted on

---

[1] See part III.C., below.

an expedited basis and that the case promptly be stayed until after resolution of the criminal charges.

## II.  SUMMARY OF RELEVANT FACTS

Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 and seek damages pursuant to 42 U.S.C. § 1988's incorporation of the Texas wrongful death and survival statutes. Their claims arise from the death of Anthony Johnson, Jr., on April 21, 2024. Pl. Orig. Compl. 12. On that day Johnson was an inmate in a Tarrant County jail. Plaintiffs allege that Defendants Garcia and Moreno were employed by the Tarrant County Sheriff's Office as detention officers in the jail and that Garcia was a lieutenant. *Id.* at 9, 14. Plaintiffs claim that actions taken by Garcia and Moreno led to or caused Johnson's death, including, Plaintiffs' claim, by Moreno allegedly placing weight on Johnson and by Garcia allegedly supervising and failing to intervene. *Id.* at 14, 58.

On June 25, 2024, a Tarrant County grand jury indicted Garcia and Moreno, each for murder, citing the exact same incident for which Plaintiffs sue herein. *See* Indictment No. 1830933 (Garcia) and Indictment No. 1830935 (Moreno), Ex. A, B, hereto; Pl. Orig. Compl. 3. In other words, Plaintiffs sue these Defendants based on essentially the exact same allegations made the basis of the criminal charges. Plaintiffs seek to recover from these defendants, individually, compensatory damages of an untold sum as well as punitive damages. Pl. Orig. Compl. 59-61.

## III.  ARGUMENT AND AUTHORITIES

**A.     An immediate stay or abatement of this civil case is critical and necessary to protect these Defendants' important constitutional rights**.

When separate criminal and civil cases involve the same underlying facts, courts recognize that defendants can and will be prejudiced by having to defend both cases simultaneously. *See, e.g., Walker v. Wilburn*, 3:13-CV-4896-D, 2015 WL 5873392, at *4 (N.D. Tex. Oct. 5, 2015) (Fitzwater, J.) ("It is commonly understood that a prosecutor might (if not will) obtain information from parallel

civil litigation that is not discoverable in a criminal case. Indeed, this is a concern that courts often rely on to stay civil discovery and proceedings until parallel criminal proceedings are resolved."). And a defendant, such as the these individual Defendants in this case, will be forced to choose between waiving their Fifth Amendment rights in the criminal proceedings or "risking the adverse inference [in the civil case] arising from his assertion of the privilege." *Id.* (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97-98 (2d Cir. 2012)).

In order to resolve the problems created by parallel civil and criminal proceedings, a court "may, and following common practice often does, stay the civil action until the pending or potential criminal case has been decided." *Gilmore v. City of Bryan*, 2014 WL 5878734, at *2 (S.D. Tex. Nov. 10, 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007)).

**B.      Of the factors commonly considered by courts, all factors that could support a stay or abatement strongly do, and none suggests not doing so.**

When confronted with such parallel proceedings, many courts in the Fifth Circuit consider six factors in determining whether a stay is warranted, including: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Gemini Ins. Co. v. Usplabs, LLC*, 3:15-CV-3293-K, 2016 WL 6497431, at *1 (N.D. Tex. Mar. 24, 2016) (citing *Heller Healthcare Fin., Inc. v. Boyes*, 2002 WL 1558337, at *2 (N.D. Tex. July 15, 2002)). Applying those factors in this case shows the importance and propriety of staying this civil lawsuit until resolution of the pending criminal charges against Defendants Garcia and Moreno.

**(1) the extent to which the issues in the criminal case overlap with those presented in the civil case**

First, with respect to the extent of overlap between the two proceedings, as stated above, the issues and underlying facts are essentially identical. Plaintiffs' claims and the criminal charges all arise from the alleged actions taken by the Defendants with respect to Johnson on April 21, 2024, while he was housed in a Tarrant County jail. Plaintiffs claim Defendants Garcia's and Moreno's actions led to or caused Johnson's death. The criminal indictments allege the same thing. In short, the criminal and civil claims are based on the same alleged facts and overlap compeletly.

This factor, therefore, plainly and undeniably weighs heavily in favor of a stay. *See, e.g., Walker*, 2015 WL 5873392, at *7. This initial factor, "the similarity of issues between the civil and criminal actions is considered *the most important* threshold issue." *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 906–07 (S.D. Tex. 2008) (emphasis added).

**(2) the status of the criminal case, including whether the defendants have been indicted**

The second factor, of course, also supports a stay as these Defendants are currently under criminal indictment and facing criminal trials for murder. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 776 (W.D. Tex. 2016) (quoting *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 762-63 (W.D. Tex. 2008)); *Heller Healthcare Fin., Inc. v. Boyes*, No. CIV.A. 300CV1335D, 2002 WL 1558337, at *3 (N.D. Tex. July 15, 2002) ("Because Morehead is under indictment rather than merely under investigation, the court finds that the status of the criminal case weighs in favor of a stay.").

**(3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay**

With respect to the third factor, Plaintiffs may have a general right and desire to proceed as expeditiously as possible, but there are no special circumstances here that would elevate that desire or prejudice Plaintiffs to any degree that would override the important reasons the Defendants seek this stay. *Id.* ("[C]ourts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim.") (citing *Walker v. Wilburn*, 3:13-CV-4896-D, 2015 WL 5873392, at *7 (N.D. Tex. Oct. 5, 2015)).

**(4)    the private interests of and burden on the defendants**

Defendants Garcia and Moreno are being sued in their individual capacities and face claims in this civil action for monetary damages of an untold sum. At the same time, each individual Defendant's personal liberty is at stake in the criminal proceedings. The private interest of the Defendants in seeking this stay is immeasurable. *See Id.* ("The court concludes that Officer Wilburn's private interest weighs in favor of a stay."). Also, because the issues are so similar, any discovery between the two cases would also overlap, thereby causing prejudice to the Defendants' rights. "If the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay." *Reed–Veal v. Encinia*, CV-H-15-2232, 2016 WL 6915963, at *3 (S.D. Tex. Apr. 21, 2016).

**(5)    the interests of the courts**

With respect to the Court's interest, this factor either favors a stay or is, at worst, neutral. *SEC v. Offill*, No. 3:07-CV-1643-D, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008) (granting a stay "serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy.") (citing *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 204 (1990)). As the District Court explained in *Walker*, the Court's interest in a stay should be considered as an

overall neutral factor:

> The court's interest does not favor either party. On the one hand, the courts have a strong interest in moving matters expeditiously through the judicial system. On the other hand, granting a stay serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy. Resolution of the criminal case may increase prospects for settlement of the civil case. Due to differences in the standards of proof between civil and criminal prosecutions, the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues. And granting a stay will not unduly interfere with the court's management of its docket. The court holds that its interests do not weigh for or against a stay.

*Id.* (internal quotation marks and citations omitted); *see also SEC v. Offill*, No. 3:07-CV-1643-D, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008) (granting a stay "serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy.") (citing *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 204 (1990)).

### (6)     the public interest

As for the public interest factor, under the circumstances of this case, where the individual Defendants are already facing formal criminal charges, this factor weighs in favor of a stay.

> While the public certainly has an interest in the prompt resolution of the instant civil case, it also has an interest in protecting the constitutional rights of criminal defendants." Denying a stay here risks violating Officer's constitutional rights in the criminal proceeding . . . ."

*Jean v. City of Dallas, Texas*, No. 3:18-CV-2862-M, 2019 WL 4597580, at *5 (N.D. Tex. Sept. 22, 2019) (internal citations omitted); *see also Wright v. Garcia*, No. 1:23-CV-00864-DAE, 2023 WL 8813567, at *4 (W.D. Tex. Dec. 20, 2023) ("Because denying the stay risks violating Garcia's constitutional rights, this factor supports a stay." (cleaned up)). As the Fifth Circuit explained in 1962, the public has a strong interest in seeking justice through the criminal justice system and in

ensuring that the rights of litigants are protected.

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). This final factor weighs in favor of staying this civil action.

**C.   Partial agreement regarding the Stay and other parties.**

**Statement of Partial Agreement:** Plaintiffs agree to the foregoing, and agree to this case being stayed as discussed above **as to Rafael Moreno and Joel Garcia**, only. These parties (Plaintiffs and Defendants Garcia and Moreno) also agree that the stay should (at least temporarily) not apply to requests by Plaintiffs for limited discovery against Tarrant County, but they disagree with Plaintiffs as to the scope of said limited discovery. Plaintiffs intend to seek production of certain documents from the County, including policies, training records, and the investigation file, including any and all videos of the incident, plus discovery as may be necessary to ascertain the identities of the remaining John Doe defendants. Plaintiffs state that they will not seek any discovery from Moreno and Garcia during the duration of the stay but would need to preserve certain evidence; Defendants don't know what that means but obviously don't plan to destroy evidence. While Defendants Garcia and Moreno do not oppose Plaintiffs seeking discovery from the County as may be necessary to identify the remaining John Doe defendants, they do oppose any discovery beyond that limited purpose. Defendants Garcia and Moreno also contend that the stay

should apply to all individual defendants, which Plaintiffs oppose. The parties who have appeared herein so far — Plaintiffs and Defendants Garcia and Moreno — **do agree that, because Defendants Garcia and Moreno are facing impending deadlines to answer or otherwise respond to Plaintiff's complaint, the Court should immediately enter a complete stay as to them (and, Defendants contend, as to all other individual defendants also), pending resolution of the criminal charges discussed above,** but as to Tarrant County the parties do not at this time agree on a particular procedure beyond what is stated above.

Otherwise, Defendants Garcia and Moreno's argument regarding a complete stay is as follows:

**The Stay Should Apply to All Parties.**

Even though there is another defendant in this case, Tarrant County, Texas, and even though Plaintiffs have listed a number of other named and John Doe individual defendants, something less than a complete stay or abatement may be ineffective to fully protect these individual Defendants' rights:

> *The Court also concludes that proceeding towards trial under a partial stay would prejudice defendant Hamdan.* As long as he is the subject of an active criminal investigation, Hamdan cannot participate in discovery or testify at trial without risking waiver of his rights under the Fifth Amendment. *This prejudice to defendant Hamdan suggests that a complete stay of proceedings is warranted pending resolution of the criminal investigation.*

*Mejia v. Bros. Petroleum, LLC*, CIV.A. 12-2842, 2015 WL 5254696, at *4 (E.D. La. Sept. 9, 2015) (emphasis added); *see also Kinnie Ma Individual Ret. Acct. v. Ascendant Cap., LLC*, No. 1:19-CV-01050-RP, 2023 WL 5417142, at *8 (W.D. Tex. Aug. 21, 2023), aff'd, No.

1:19-CV-1050-RP, 2024 WL 1219238 (W.D. Tex. Mar. 21, 2024) (granting complete stay, including as to corporate employer of indicted employees, reasoning "that a partial stay of this action would significantly hinder judicial efficiency. Gentile and Schneider are the 'central figures' in this case and the importance of their testimony could lead to duplicative discovery after their criminal case is resolved."). Notably, in *Mejia*, the criminal matter at issue was merely under investigation when the Court entered its order. *Mejia*, 2015 WL 5254696, at *3. Here, Defendants have already been indicted for murder and thus have a present and extremely high interest in preserving all of their constitutional rights.

Also staying the entire case allows the Court to administratively close the case until resolution of the criminal charges. *Wright v. Garcia*, No. 1:23-CV-00864-DAE, 2023 WL 8813567, at *4 (W.D. Tex. Dec. 20, 2023) ("If a civil suit is stayed 'during the pendency of a criminal proceeding, an administrative closure is appropriate.'").

Defendants submit that the Court should stay and administratively close this case until resolution of the pending criminal charges against them.

## IV. REQUEST FOR EXPEDITED CONSIDERATION

Defendants respectfully ask that this motion be considered on an expedited basis, as Defendant Moreno currently faces a deadline to answer or otherwise respond to Plaintiffs' Complaint of September 6, 2024. Garcia will soon be facing a similar deadline.

## V. CONCLUSION AND PRAYER

In order to preserve their important constitutional rights and for the reasons stated above, Defendants Joel Garcia and Rafael Moreno respectfully ask that the Court immediately and completely stay or abate this civil action and administratively close the case until resolution of the

serious pending criminal charges they now face. Defendants pray for general relief.

                Respectfully submitted,

                s/ *James T. Jeffrey, Jr.*
                JAMES T. JEFFREY, JR.
                State Bar No. 10612300
                LAW OFFICES OF JIM JEFFREY
                3200 W. Arkansas Lane
                Arlington, Texas 76016
                (817) 261-3200
                Fax (817) 275-5826

                ATTORNEY FOR DEFENDANT
                JOEL GARCIA

                s/ *Kenneth E. East*
                Kenneth E. East
                State Bar No. 00790622
                THE LAW OFFICE OF KENNETH E. EAST
                306 W. 7th Street, Suite 600
                Fort Worth, Texas 76102
                (817) 788-1111
                ken@east.law

                ATTORNEY FOR DEFENDANT
                RAFAEL MORENO

## CERTIFICATE OF CONFERENCE

      Through their respective counsel (Daryl Washington for Plaintiffs; Jim Jeffrey for Defendant Garcia; and the undersigned for Defendant Moreno), these Defendants and Plaintiffs have conferred repeatedly for the past several days attempting to reach an agreement on the issues in this motion. To Defendants' current understanding, this motion is partially agreed as discussed above in Part III.C. In short, Plaintiffs agree to an immediate stay of this case as to Defendants Garcia and Moreno pending resolution of the criminal charges against them. Additionally, Plaintiffs and these Defendants agree that Plaintiffs should get to take some limited discovery against the County, including in order to identify John Doe defendants, but they otherwise disagree on the scope and duration of any such limited discovery. Finally, but for that exception, Defendants contend this stay should apply to the entire case and to all parties, while Plaintiffs do not appear to agree that it should apply to other individual defendants at least at this time.

                s/ *Kenneth E. East*
                Kenneth E. East